**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JAN 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEREMY JONES,

Plaintiff-Appellant,

v.

CHEN, Correctional Medical Doctor,

Defendant-Appellee.

No. 15-16653

D.C. No. 1:11-cv-01762-MJS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Michael J. Seng, Magistrate Judge, Presiding[**]

Submitted January 18, 2017[***]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Jeremy Jones appeals pro se from the district court's judgment following a

jury verdict in favor of defendant in Jones's 42 U.S.C. § 1983 action alleging

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Jones's request for oral argument, set forth in his opening and reply briefs, is denied.

retaliation and deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's evidentiary rulings and reverse only when an erroneous evidentiary ruling is prejudicial. *Gribben v. United Parcel Serv., Inc.*, 528 F.3d 1166, 1171-72 (9th Cir. 2008). We affirm.

The district court excluded the document that Jones sought to use only for impeachment on the basis that it had not been disclosed previously. However, "impeachment evidence does not have to be revealed in pretrial disclosures." *Id.*; *see also* Fed. R. Civ. P. 26(a)(1)(A)(ii) (requiring disclosure of documents used to support claims or defenses, unless use would be solely for impeachment). Nevertheless, the erroneous evidentiary ruling does not warrant reversal because the jury's verdict on each of Jones's claims was supported by evidence other than defendant's unimpeached testimony. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008) (reversal requires an abuse of discretion and prejudice); *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 688 (9th Cir. 2001) (prejudice requires conclusion that "more probably than not," the error tainted the verdict).

**AFFIRMED.**

15-16653